United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 8, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30370
Summary Calendar

_____


MARTIN HARRISON; BARBARA BUCKLIN,

Plaintiffs - Appellants-Cross-Appellees,

versus

JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, doing
business as Jones Walker; A JUSTIN OURSO, III; ANTONIO D. ROBINSON;
NOVELAIRE TECHNOLOGIES LLC

Defendants - Appellees-Cross-Appellants

_____

Appeals from the United States District Court
for the Eastern District of Louisiana
No. 04-1651

_____


Before JONES, Chief Judge, and WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Appellants Martin Harrison and Barbara Bucklin challenge

the district court's summary judgment dismissal of their 42 U.S.C.

§ 1983 claim against Appellees Jones Walker and its employees.

Appellees cross-appeal the district court's dismissal, pursuant to

28 U.S.C. § 1367(c), of the remaining state law claims. Agreeing

that appellants did not sustain a § 1983 claim, and finding no

abuse of discretion in the court's refusing jurisdiction over the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

remaining state law claims, we **AFFIRM**.

## I. BACKGROUND

The facts are undisputed Harrison is a former employee of NovelAire. In Louisiana state court, NovelAire sued Harrison for his alleged use of NovelAire's materials, resources, and equipment to develop, for his own commercial gain, an improved design of one of its products. NovelAire applied to the state court for an "Order for Expedited Discovery to Preserve Evidence" based on an e-mail written by Bucklin that NovelAire claimed evidenced a clear intent on the part of Harrison and Bucklin to destroy evidence relevant to NovelAire's case. The state court judge granted the Discovery Order.

Deputy Richard Thomassie, assigned to execute the Discovery Order, had a telephone conversation with Angeli Bergeron, a paralegal employed by Jones Walker, to discuss a convenient location to meet before execution of the Discovery Order. At the meeting, Deputy Thomassie spoke to Antonio Robinson, an associate attorney with Jones Walker; Carl Steen, a computer expert assigned by the court; and Bergeron, regarding safety issues during the execution of the Discovery Order that was about to take place. Harrison was then served with the signed Discovery Order and briefly discussed the matter with Deputy Thomassie. Deputy Thomassie, Robinson, Steen, and Bergeron entered Harrison's residence to execute the Discovery Order.

2

Harrison filed suit in federal court, claiming a violation under § 1983 as well as state law claims of trespass, invasion of privacy, and abuse of rights. The parties now appeal to this court from the district court's rulings.

## II. DISCUSSION

### A. Summary judgment over § 1983 claim.

A district court's grant of summary judgment is reviewed de novo. Priester v. Lowndes County, 354 F.3d 414, 419 (5th Cir. 2004). To prevail on a claim under § 1983, a plaintiff must establish that: (1) he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) the deprivation was caused by a person or persons acting under color of state law. Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999). "[A] non-state actor may be liable under [§] 1983 if the private citizen was a willful participant in joint activity with the State or its agents." Priester, 354 F.3d at 420. However, "[a]llegations that are merely conclusory, without reference to specific facts, will not suffice." Id.

In the instant case, Appellants have taken the deposition of the only state actor alleged to have been involved in any conspiracy, yet they have not produced any evidence of a conspiracy. The most that can be made of the complaint's allegations and supporting proof is that Jones Walker and its employees submitted pleadings to the state court on behalf of a

client seeking the issuance of a valid Discovery Order. Once the state court judge issued the Discovery Order, employees of Jones Walker accompanied the computer expert during the execution of the Discovery Order. These allegations, alone, are insufficient to establish liability under § 1983. The Appellees did not engage in a conspiracy with any state actor, nor did they reach any agreement with a state actor to commit an illegal act. The Appellees did not conspire with the state court judge to secure an order that was invalid. Moreover, Deputy Thomassie had legal authority to execute the Discovery Order. Because appellants' allegations of a conspiracy are merely conclusory, the district court properly dismissed with prejudice the § 1983 claim.

**B.     Supplemental jurisdiction over state law claims.**

Appellees for their part contend that the district court erred in declining to exercise supplemental jurisdiction over the Appellants' remaining state law claims. The district court's decision to decline to exercise supplemental jurisdiction over pendent state law claims is reviewed for abuse of discretion. Priester, 354 F.3d at 425.

The district court dismissed the state claims without prejudice pursuant to 28 U.S.C. § 1367(c), holding:

> This court has not addressed the merits of plaintiffs' state law claims and there has been no commitment of judicial resources to the state law claims that would weigh in favor of exercising supplemental jurisdiction. Furthermore, any discovery that has been done can be used in state court. Accordingly, the court finds that the

4

rule which counsels against the exercise of supplemental jurisdiction applies in this situation.

The general rule is that a district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had pendent jurisdiction. <u>Sibley v. Lemaire</u>, 184 F.3d 481, 490 (5th Cir. 1999). In the instant case, the district court dismissed the § 1983 claim, leaving only the Appellants' state law claims to adjudicate. Despite the inconvenience they may suffer from any continuation of this case in state court, we cannot find an abuse of discretion.

## CONCLUSION

Finding no genuine issue of material fact concerning the § 1983 claim, and no abuse of discretion in refusing jurisdiction over the remaining state law claims, we affirm judgment of the district court.

**AFFIRMED.**